**\*\* E-filed January 31, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTUATE CORPORATION, | No. C10-02797 JW (HRL) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE JOINT REPORTS #1 AND #2** |
| v. | |
| FINITI LLC; and DOES 1-10, | **[Re: Docket No. 39]** |
| Defendants. | |

Plaintiff Actuate Corporation ("Actuate") brings suit against Finiti LLC ("Finiti") for breach of contract and copyright infringement, claiming that Finiti has exceeded the number of "named user" licenses it purchased for Actuate's software. Dkt. No. 1 ("Complaint"). The software in question is used to "pull information from databases, organize that information into reports, and then distribute that information to end users." Dkt. No. 39, p. 2. Finiti uses the software to provide financing entities with products related to real estate sales and refinancing transactions. In broad terms, Actuate contends that Finiti purchased 400 "Named User" licenses and was only permitted to allow one individual per license to access the software or view reports generated by the software, but that Finiti far exceeded its licenses by sending reports to over 2,000 users total.

Two discovery disputes have now arisen, so, pursuant to this Court's Standing Order re: Civil Discovery Disputes, the parties filed two separate Discovery Dispute Joint Reports ("DDJRs") seeking judicial intervention. Dkt Nos. 39, 39 Exh. 1.

**DISCUSSION**

**I.     Discovery Dispute Joint Report #1**

In the first DDJR, the parties disagree over Finiti's response to Actuate's Interrogatory No. 2. See Dkt. No. 39, ("DDJR #1"). Actuate argues that Finiti's response is insufficient and that Finiti has misconstrued the appropriate standard for determining the scope of discovery. Id. pp. 4-6. Finiti argues that the information requested is not relevant, and contends that Actuate must show "that it is actually entitled to control the content" generated using its software before it can seek the requested information Id. pp. 8-10.

Actuate's Interrogatory No. 2 asks Finiti to "IDENTIFY each person or entity who received content generated by the ACTUATE SOFTWARE YOU licensed from the time YOU first acquired the ACTUATE SOFTWARE to the present." DDJR #1, Exh. A at 4. In essence, Actuate is attempting to discover how many individuals actually received content generated by Actuate software because it contends that the applicable license agreement defines a "named user" as anyone who receives any report produced by the software. DDJR #1, p. 2-3. Finiti objected to the request on several boilerplate grounds (that it is overbroad, burdensome and oppressive, and vague and ambiguous), and argues that (1) the information sought is not relevant; and (2) Actuate must show "good cause" for the discovery request before Finiti has a duty to respond. DDJR #1, Exh. A at 4. Finiti assumed that "content" referred to in the interrogatory "is more complex than retrieved data," and accordingly, responded to the interrogatory with "none." Id. at 3-4.

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter." Under the standards imposed by the 2000 amendments to Rule 26, a party may now only seek discovery of material relevant to any party's claim or defense. This is narrower than the pre-2000 Rule, which permitted discovery of "any matter relevant to the subject matter involved in the action." Fed. R. civ. P. 26(b)(1). However, Rule 26 expressly permits the courts to restore the pre-2000 standard "upon a showing of good cause." Id.; see also Bernstein v. Travelers Ins. Co., 447 F. Supp. 2d 1100, 1102 (N.D. Cal. 2006).

1. Relevance

Finiti argues that the information sought is not relevant to Actuate's claim. Actuate alleges in its complaint that Finiti purchased 400 "Named User" licenses, and that such licenses limit the purchaser from distributing reports generated by Actuate's software to more users than the number of licenses purchased. See Dkt. No. 1, pp. 4-5 ("Complaint"). Actuate states that it served Interrogatory No. 2 because "the number and identity of the individuals receiving content . . . is the central material fact necessary to establish Finiti's breach . . . ." DJR No. 1; p. 4. Finiti contends that the information sought is irrelevant because not all recipients of reported generated by Actuate software are Named Users. In essence, Finiti disagrees with Actuate's construal of the license agreement and the term "Named User" and believes that it can avoid responding to the discovery request as a result of that disagreement.

Under Rule 26, the test for relevance is simply "whether there appears to be a sufficient connection between the target of the discovery probe and the issues to be litigated" to support the conclusion that the requesting party will either uncover evidence or information that will help it find evidence. Bernstein, 447 F. Supp. 2d at 1105. That Finiti disagrees with Actuate's depiction of the contract does not eliminate its duty to respond to discovery requests seeking information relevant to the claim Actuate has stated. This court will not take on the task of determining which party's reading of the contract is correct. Rather, the court concludes that there is a sufficient connection between Interrogatory No. 2, which seeks the number of individuals who received Actuate software-generated content, and its claim for breach of the license agreement, which rests on Actuate's ability to prove that Finiti exceeded the scope of the agreement. However, the interrogatory requests the identity of all users; it is not as clear whether such specificity is relevant. Actuate does not seem to distinguish in its complaint between Finiti employees who used Actuate software and Finiti customers who received reports generated by the software. Instead, Finiti argues, "the only information . . . relevant to Actuate's claim would be the *number* of recipients." DDJR No. 1; p. 8 (emphasis added). Finiti states that it originally offered to produce the number, but then withdrew that offer. Id.

Accordingly, the court finds that Actuate's Interrogatory No. 2 is relevant insofar as it seeks the number of individuals who received content generated by Actuate's software from Finiti.

2. <u>Showing of Good Cause</u>

Finiti further argues that Actuate must "establish good cause through at least a prima facie showing that it is actually entitled to control the content generated by Finiti." DDJR No. 1, p. 9. Finiti offers no authority to support this argument, and the court does not know of any that so holds. Rather, Actuate seems to have misconstrued the parameters of Rule 26. A showing of good cause is only required if a party seeks discovery beyond what is relevant to a "claim or defense," and instead requests that the court permit it to discover information "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). That is not the case here. The undersigned has determined that Actuate's request, in part, does seek information relevant to its claim of breach of contract. Therefore, no showing of good cause is required.

In addition, the court finds that Finiti's objections that the request is overbroad, unduly burdensome, vague, and ambiguous are not persuasive. Finiti itself acknowledges that it was, at one point, willing to reveal the number of individuals who received reports. The argument that the request is "unduly burdensome" appears to relate only to the difficulty of providing identifying information for each individual. Finiti provides no support for its objections that the request is "vague and ambiguous" or "overbroad," and the court finds those objections to be without merit.

Accordingly, Finiti must reveal the number of individuals who received content generated by Actuate software, but it need not identify each of those individuals. Finiti shall have 14 days from the date of this order to do so.

**II.    Discovery Dispute Joint Report #2**

In the second DDJR, the parties argue over Finiti's response to Actuate's Request for Production #3 ("RFP"). Dkt. No. 39, Exh. 1 (DDJR No. 2), p. 1. Actuate argues that Finiti's response is insufficient, and to the extent Finiti agreed to comply with the request, it has failed to produce the promised documents. <u>Id.</u> p. 4. It further contends that the RFP seeks relevant information tending to show (1) how Finiti used the Actuate software; and (2) who received content generated by the software. <u>Id.</u> Finiti argues that it has already provided an adequate response to the RFP and that any more detailed response would violate the privacy rights of its customers. <u>Id.</u> p. 6. Actuate is willing to limit the scope of its request but still seeks more documents than Finiti has

4

provided. Id. p. 5. Finiti wishes for the court to order Actuate to use other discovery means, such as Rule 30 depositions, before compelling any further production. Id. p. 8.

Actuate's RFP No. 3 seeks "ALL DOCUMENTS that constitute, refer, or relate to any content generated by ACTUATE SOFTWARE." DDJR No. 2, p. 3. Finiti responded to the RFP by objecting that the request is overbroad, vague, and ambiguous; but agreed to "produce documents sufficient to show the types of documents which resulted from Finiti's use of the Actuate software at issue." Id. at 3-4. Finiti asserts that it has provided blank template forms of all five types of document it has created using the Actuate software, as well as actual, completed forms that were redacted to protect the privacy of the individuals whose forms they were. Id. p. 6. Further, it contends that complete compliance with the request would require it to produce 1.5 million documents, the entirety of the reports it produced over the two-year period that it used Actuate software. Id. p. 7.

A party may seek "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). In addition, "district courts have broad discretion to limit discovery where the discovery sought is 'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" Uriarte v. Schwarzenegger, 2011 U.S. Dist. LEXIS 111748, *4 (S.D. Cal. Sept. 29, 2011) (citing Fed. R. Civ. P. 26(b)(2)(C)). Moreover, a district court may balance the need for discovery against a claimed privacy right, but privacy "is not an absolute right, but a right subject to invasion depending upon the circumstances." Ragge v. MCA/Universal, 165 F.R.D. 601, 604 (C.D. Cal. 1995).

Here, the relevance of the requested documents is not at issue. Thus, the court will consider only whether and to what extent Actuate's request should be limited to prevent unreasonable duplication of information or violation of privacy rights. As the parties have provided no authority to guide this court in its balancing of Actuate's need for discovery with the risk of unreasonable duplication and Finiti's alleged privacy concerns, the court will exercise the discretion permitted by Rule 26.

First, the court will address the issue of unreasonable duplication of documents. The parties appear to agree, at least to some extent, that production of every report Finiti generated using

Actuate software would be unnecessary and burdensome. See DDJR No. 2, pp. 5, 7. Actuate has suggested that, instead of all documents Finiti ever produced using Actuate software, it would be willing to accept only those documents issued during a two-month period of Finiti's "peak usage" of the software, which the parties could jointly identify. Id. p. 5. Finiti argues that even limiting production to a two-month period will lead to hundreds of duplicative records. Id. p. 7. The court concludes that while Finiti is likely correct that many documents will be duplicative in form, it is reasonable to permit discovery of a representative sample of the materials produced using Actuate software. The two month period suggested by Actuate is significantly narrower than its original request, and should adequately inform Actuate of the variety and frequency of documents Finiti produces using Actuate software.

Next, the court considers the issue of privacy. The data sought appears to be limited to financial information, though Finiti has not described the private material and has not offered any argument that it should be treated as "especially private," which would tend to strengthen its objection. See Kaufman & Broad Monterey Bay v. Travelers Prop. Cas. Co. of Am., 2011 U.S. Dist. LEXIS 59724, *11 (N.D. Cal. 2011). Actuate does not offer any argument regarding the discoverability of customers' private information. Therefore, in the interest of protecting Finiti's customers, who are not parties to this action and may have no knowledge that reports detailing their real estate transactions are at issue in this request, the court finds that some privacy protection is warranted. Finiti has not convinced the court that it is necessary to redact all customer information from its documents before production. Instead, the court orders Finiti to redact only such information as would reveal the identities of the customers who received the reports, such as social security numbers, full names, and addresses.

Finally, the court addresses a point that is mentioned only in passing in the DDJR. Actuate states in its "most reasonable proposal" that Finiti must be made to produce "original electronic copies" of documents "so that the metadata stored in those documents can show what programs created the document." DDJR No. 2, p. 5. Apparently, this is relevant to address Finiti's claim that its "proprietary work flow" program, Skipjack, also participates in the generation of reports. Id. p. 7. Neither party addresses, and this court does not know, whether it would be possible to produce

original electronic copies of documents while still redacting identifying customer information. Therefore, the court will not rule on this request of Actuate's until and unless it receives further briefing from the parties on the feasibility of such an order.

Accordingly, the parties shall meet and confer within 14 days of the date of this order to establish an appropriate two-month-long "peak usage" period, for which Finiti shall produce all reports generated using Actuate software. In the same time frame, the parties shall also consider the feasibility of producing "original electronic copies" of reports that will allow Actuate to confirm that the reports came from its software while protecting Finiti's customers' private data. Finiti shall have 30 days from the date the parties agree on the peak usage period to produce the documents. In addition, Finiti may redact information necessary to protect the identities of its customers, such as social security numbers, full names, and addresses. Should the parties require an order from this court regarding the production of documents in a particular format, they may address their request to the undersigned in the form of a further Discovery Dispute Joint Report.

**CONCLUSION**

Within 14 days of the date of this order:

1. Finiti shall produce the total number of individuals who ever received reports generated by Actuate software; and
2. the parties shall meet and confer to:
   a. set a two-month "peak usage period" for which Finiti shall produce all reports generated using Actuate software; and
   b. determine the feasibility of producing "original electronic copies" that will show Actuate software was used to create the documents while still permitting Finiti to redact the private information detailed above.
3. Finiti shall have 30 days from the date the parties come to a decision regarding the two issues outlined about to produce the necessary documents. Finiti may redact such information as is necessary to protect the identity of its customers, such as social security numbers, full names, and addresses.

**IT IS SO ORDERED.**

7

Dated: January 31, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-02797 JW (HRL) Notice will be electronically mailed to:**

James Lee — jml@ltlcounsel.com
Daniel Taylor — dt@ltlcounsel.com
Enoch Liang — ehl@ltlcounsel.com
Jeffrey Lowenthal — jlowenthal@steyerlaw.com
Edward Smith — esmith@steyerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**